UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-125-TBR

JAMES BLAIR GOINS,                                                                                                  Plaintiff

v.

C&S GLOBAL IMPORTS, INC. *et al*,                                                                       Defendant

**MEMORANDUM OPINION**

This matter is before the Court upon Defendant Pekin Insurance Company's motion to dismiss. (DN 67). Plaintiff James Blair Goins has responded. (DN 69). Defendant has replied. (DN 70). Plaintiff has moved for leave to file a sur-reply. (DN 71). This matter is ripe for adjudication. For the following reasons, Defendant's motion to dismiss (DN 67) is GRANTED.

BACKGROUND

This action arises out of Plaintiff James Blair Goins' fall from a tree. In May, 2013, Goins purchased a whitetail deer hunt from Kevin Turner, d/b/a Turner Outdoors. (DN 51). Turner invited Goins to visit Kentucky and scout the property before the hunt. In late June, Goins met with Turner and the two toured the property. While touring the property, Turner encouraged Goins to climb onto an elevated tree stand. After Goins ascended the tree stand and sat down, the tree stand collapsed, causing Goins to fall "from a considerable height and severely injuring his body." (DN 51).

Goins brought this suit against C & S Global Imports, Inc. ("C & S"), among others. (DN 1). Goins claims that C & S was negligent in manufacturing the tree stand. C & S has an insurance policy with Defendant Pekin Insurance Company. Pekin filed a complaint in Illinois state court seeking a declaratory judgment that Pekin had no duty to defend C & S. Pekin argues that the policy provided coverage for injuries occurring from January 2011 until January 2013,

1

whereas Goins' injury occurred in June, 2013. Pekin also argues the policy specifically excluded coverage for "deer/tree stands and related equipment." (DN 51-1).

Goins amended his complaint in this case to seek a declaratory judgment that the policies issued by Pekin to C & S provide coverage for Goins' claim. (DN 51). Pekin has now moved to dismiss Goins' claim. (DN 67).

## STANDARD

The Federal Rules of Civil Procedure require that pleadings, including complaints, contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a claim or case because the complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b). When considering a Rule 12(b)(6) motion to dismiss, the court must presume all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Instead, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). A complaint should contain enough facts "to

state a claim to relief that is plausible on its face." *Id.* at 570. A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). If, from the well-pleaded facts, the court cannot "infer more than the mere possibility of misconduct, the complaint has alleged - but has not 'show[n]' - 'that the pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

## DISCUSSION

As an initial matter, Pekin argues that Illinois law should apply in this case. Pekin then asks the Court to dismiss Goins' claim on two grounds. First, Pekin argues that Goins' claim does not fall within the policy period. Second, Pekin argues the policy specifically excludes coverage for "deer/tree stands and related equipment," thereby excluding Goins' claim. The Court will address (I) choice of law before turning to Pekin's arguments that the claim falls outside the (II) policy period and (III) is for a product which is excluded from coverage.

### I.    Choice of Law.

"A federal court exercising diversity jurisdiction applies the choice of law rules of the state in which it sits." *Std. Fire Ins. Co. v. Ford Motor Co.*, 723 F.3d 690, 692 (6th Cir. 2013). Kentucky has adopted the "modern test," which asks "which state has the most significant relationship to the transaction and the parties." *Lewis v. American Family Ins. Group*, 555 S.W.2d 579, 581 (Ky. 1977) (quoting Restatement of Conflict of Laws 2d, sec. 188 (1971)). "Justice, fairness and the best practical result may best be achieved by giving controlling effect to the law of the jurisdiction which, because of its relationship or contact with the occurrence or the parties, has the greatest concern with the specific issue raised in the litigation." *Breeding v.*

*Massachusetts Indem. & Life Ins. Co.*, 633 S.W.2d 717, 719 (Ky. 1982). In deciding which state has the most significant relationship in a contract case, courts look to where the contract was negotiated, executed, performed, the location of the subject matter of the contract, and residence of the contracting parties. *Wallace Hardware Co. v. Abrams*, 223 F.3d 382, 392 n. 8 (6th Cir. 2000) (citing Restatement (Second) of Conflict of Laws § 188).

In applying these factors, the Court concludes that Illinois has the most significant relationship to the policy. Pekin is an Illinois corporation with its principal place of business in Illinois. C & S is an Illinois corporation with its principal place of business there as well. The policy was negotiated in Illinois and executed in Illinois. Comparatively, Kentucky's only connection to the policy is that the allegedly defective product failed in Kentucky. Accordingly, the Court will apply Illinois law in deciding this dispute.

Under Illinois law, "the construction of an insurance policy is a question of law, which is reviewed *de novo*." *Rich v. Principal Life Ins. Co.*, 875 N.E.2d 1082, 1089 (2007)

## II.     Policy Period.

Pekin first argues that Goins claim are not covered because they did not arise during the "policy period." Pekin claims it insured C & S from January, 2011 until January, 2013, but only for claims which actually occurred during this time period. Therefore, Goins' fall and injuries suffered on June 29, 2013 do not qualify for coverage. For the following reasons, the Court agrees with Pekin's assessment.

In 2011, Pekin issued a Businessowners Liability policy to C & S. The policy provided, among other things, coverage for "bodily injury." The coverage was defined as follows:

>   1. Business Liability
>
>       a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage",

>   "personal injury" or "advertising injury" to which this insurance applies. . . .
>
> b.  This insurance applies:
>
>     1)  To "bodily injury" or "property damage" only if:
>
>         a.  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory" and
>
>         b.  The "bodily injury" or "property damage" occurs during the policy period.

(DN 51-4). In other words, the policy provided coverage for "bodily injury" so long as it "occurs during the policy period." (DN 51-4). The initial policy that Pekin issued was effective from January 31, 2011 until January 31, 2012. (DN 51-3, 51-4, 51-5). The policy was renewed for another year and expired on January 31, 2013. (DN 51-6, 51-7, 51-8, 51-9). Therefore, the policy period was from January 31, 2011 until January 31, 2013. Goins did not fall and suffer injuries until June 29, 2013—five months after the end of the policy period. (DN 51).

"The insurer is always at liberty to limit the character and extent of the risk it undertakes to assume." *Pekin Ins. Co. v. Janes & Addems Chevrolet*, 263 Ill. App. 3d 399, 403 (Ct. App. Ill. 1994). "This includes limiting the period of time within which the damage must occur." *Id.* In this case, Pekin has limited its coverage for a "bodily injury," providing such coverage only if the injury "occurs during the policy period." (DN 51-6, 51-7, 51-8, 51-9). As Goins' injuries did not occur until five months after the policy period expired, his claim does not fall under the policy. This case is distinguishable from a case like *Zurich*, in which the Illinois Supreme Court held that a "'bodily injury' occurs when asbestos fibers are inhaled and retained in the lung." *Zurich Ins. Co. v. Raymark Industries, Inc.*, 514 N.E.2d 150, 160-61 (Ill. 1987). In that case, the bodily injury had occurred, although the symptoms were not yet apparent. In this case, there is

no dispute that Goins suffered a "bodily injury" outside the policy period. Accordingly, Goins' claim is not covered by the policy. (DN 51-4).

Goins raises two arguments in an attempt to avoid this conclusion. First, Goins argues Pekin improperly cancelled the policy on January 23, 2013—seven days before the policy was set to expire. (DN 69). In reply, Pekin explains it cancelled the policy upon request from C & S, which had shut down its business due to lack of profitability. (DN 70). Goins responds that, regardless of the reasons, the notice was ineffective for failing to give thirty-day notice before cancellation. (DN 69). Goins has requested permission to file a sur-reply on the grounds that Pekin's stated reason raises a new issue. (DN 71). The Court finds additional briefing is unnecessary because even if Goins prevails on his argument that Pekin improperly cancelled, Goins has not explained how this would benefit him. *Urban P'ship Bank v. Winchester-Wolcott, LLC*, 16 N.E.3d 285, 289 (Ill. Ct. App. 2014) (stating trial court has discretion to permit sur-reply). It is true that an improper cancellation is "ineffective" and results in the policy remaining in effect. *Ragan v. Columbia Mut. Ins. Co.*, 701 N.E.2d 493, 497 (Ill. 1998). However, a policy still expires according to its terms. *Librizzi v. State Farm Fire & Casualty Co.*, 603 N.E.2d 821 (Ill. Ct. App. 1992). Thus, in this case, even if Pekin's cancellation was ineffective, the policy would still expire according to its terms on January 31, 2013. Goins claim arose five months after expiration and therefore is not covered by the policy. Goins appears to argue that an ineffective cancellation would cause the policy to be renewed. Illinois courts have rejected this argument. *Librizzi v. State Farm Fire & Casualty Co.*, 603 N.E.2d 821 (Ill. Ct. App. 1992) (holding "cancellation and non-renewal are not the same" and rejecting plaintiff's argument that a "policy automatically renewed for two consecutive 12-month periods with no premium payments" because insurer failed to properly cancel).

Goins second argument is that Section F of the policy references "bodily injury" without placing a time limit on coverage. Specifically, Goins refers to subsection 11, which states:

> a. "Products – Completed Operations Hazard"[1] includes all "bodily injury" and 'property damage' arising out of 'your product' or 'your work' except:
>
>    1) Products that are still in your physical possession; or
>    2) Work that has not yet been completed or abandoned.
>
> The "bodily injury" or "property damage" must occur away from premises you own or rent, unless your business includes the selling, handling or distribution of "your product" for consumption on premises you own or rent.

Goins argues this definition includes a restriction that a "bodily injury" must occur away from the premises, but does not include a restriction that the "bodily injury" must occur during the policy period. Therefore, Goins interprets this provision as permitting a claim for "bodily injury" which occurs outside the policy period.

The Court finds this interpretation distorts the plain and unambiguous terms of the policy. "When construing the language of an insurance policy, a court's primary objective is to ascertain and give effect to the intentions of the parties as expressed by the words of the policy." *Rich*, 875 N.E.2d at 1090. In addition, a "policy must be construed as a whole." *Hobbs v. Hartford Ins. Co. of the Midwest*, 823 N.E.2d 561, 569-70 (Ill. 2005). Section A of the policy, entitled "COVERAGES," explains the scope of coverage for a "bodily injury." (DN 51-4). It also explicitly limits that coverage, stating: "[t]his insurance applies" to "'bodily injury' and 'property damage' only if . . . [t]he 'bodily injury' or 'property damage' occurs during the policy

---

[1] "[A] completed-operations-hazard indorsement insures a contractor against accidents which might occur during the policy period but after completion of the project, at which point general liability no longer provides coverage." *Acorn Ponds, Inc. v. Hartford Ins. Co.*, 105 A.D.2d 723, 724 (N.Y. App. Div. 1984); *Cobbins v. Gen. Acc. Fire & Life Assur. Corp.*, 290 N.E.2d 873, 877 (Ill. 1972).

period." (DN 51-4). Section F of the policy, entitled "LIABILITY AND MEDICAL EXPENSES DEFINITIONS," defines a series of terms. This Court finds, as others have, that it is implausible that a "DEFINITIONS" section would expand coverage, not directly but by omission, and in doing so contravene a "COVERAGES" section which expressly restricted coverage. *See e.g. Acorn Ponds, Inc. v. Hartford Ins. Co.*, 105 A.D.2d 723, 724 (N.Y. App. Div. 1984) (rejecting similar argument); *Travelers Ins. Co. v. C. J. Gayfer's & Co.*, 366 So. 2d 1199, 1201 (Fla. Dist. Ct. App. 1979) ("An insured would expect to find a time limitation expressed in the policy, and would not reasonably assume, after reading only the completed operations definition, that he could cease paying premiums but enjoy completed operations coverage indefinitely").

For the foregoing reasons, the Court finds that Goins' claim is not covered by the policy because it did not arise during the policy period.

### III.    Deer Stand Exclusion.

Pekin also argues Goins' claim is barred by a policy amendment which specifically excludes coverage for deer and tree stands. (DN 51-3). In C & S's application for insurance, they acknowledge a prior loss from "INJURY FROM USE OF TREE STAND" which occurred on October 4, 2010. (DN 51-2). The application states: "POLICY EXCLUSION: THIS POLICY SHALL NOT IN ANY WAY EXTENT (sic) COVERAGE TO DEER/TREE STANDS OR ANY RELATED EQUIPMENT." (DN 51-2). The initial policy included an amendment page which listed excluded products. The only products listed were "DEER/TREE STANDS & RELATED EQUIPMENT." (DN 51-3). The renewal contained the same language. (DN 51-6).

Goins does not directly contest the fact that the application, initial policy, and renewal all specifically exclude coverage for "DEER/TREE STANDS," the product which allegedly caused

his injuries. Instead, Goins argues that the copy of these documents that Pekin attached as exhibits does not show a proper signature, but instead states: "Signature on File With Agency." (DN 51-6). Goins does not develop this argument and it is difficult to see what relief it would bring to Goins. Either the application, initial policy, and renewal were all properly signed, in which case Pekin provided insurance coverage but not for deer or tree stands. Or, the application, initial policy, and renewal were never signed and never effective, in which case Pekin did not provide any insurance coverage. In neither scenario does Pekin provide coverage for deer or tree stands. Accordingly, the Court finds that Goins' claim does not fall under the policy because the policy excludes coverage for "DEER/TREE STANDS & RELATED EQUIPMENT."

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (DN 67) will be GRANTED. Plaintiff motion for leave to file a sur-reply (DN 71) will be DENIED.

A separate judgment and order shall issue.

cc:     Counsel